DONALD L. SPEAKMAN *v.* STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

[No. 1214, September Term, 1978.]

*Decided June 11, 1979.*

The cause was argued before GILBERT, C. J., and LOWE and
MACDANIEL, JJ.

*Louise G. Scrivener,* with whom were *Thomas P. Heehan*
and *Sherman, Fox, Meehan & Curtin, P.C.* on the brief, for
appellant.

*Craig S. Rice,* with whom were *McInerney, Layne,
McCormick, Sullivan & Rice* on the brief, for appellee.

MACDANIEL, J., delivered the opinion of the Court.

On or about March 6, 1977, Donald L. Speakman, the
appellant, while operating his motorcycle in Florida, was
struck by an automobile. As a result of the accident, the
appellant incurred hospital and medical bills and loss of
income. At the time of the accident, the appellant was the
named insured in an automobile liability policy of insurance
which provides for $10,000 in Personal Injury Protection
(PIP) coverage.

The appellant brought suit in the Circuit Court for Montgomery County against the appellee, State Farm Mutual Automobile Insurance Company, seeking recovery of $10,000 in PIP coverage. The appellant and the appellee filed a joint stipulation of facts and cross-motions for summary judgment. The trial judge denied the appellant's motion for summary judgment and granted summary judgment to the appellee. The appellant contests that ruling.

The appellant's automobile insurance policy included the following proviso with respect to PIP coverage:

"THIS INSURANCE DOES NOT APPLY UNDER:
(j) COVERAGE P TO ANY *PERSON* WHO:

. . . .

(4) SUSTAINS *BODILY INJURY* ARISING OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF A MOTOR CYCLE OR MINI BIKE; . . . ."

The issue is whether under the Maryland Insurance Code, the appellee could legally make such an exclusion.

Article 48A, § 539 of the Annotated Code of Maryland, provides, in part:

"(a) No policy of motor vehicle liability insurance shall be issued, sold or delivered in this State after January 1, 1973, unless the policy also affords the minimum medical, hospital and disability benefits set forth herein; or unless equivalent medical, hospital, and disability benefits are provided by a policy issued to the insured by a nonprofit health service plan or by an authorized insurer with the policy in each case subject to approval by the Commissioner. The benefits, or their equivalent, shall cover the named insured and members of his family residing in his household (except such persons as may be specifically excluded in accordance with § 240C-1 of this article) injured in any motor vehicle accident (including an accident involving an uninsured motor vehicle or a motor vehicle whose identity cannot be

ascertained), other persons injured while occupying the insured motor vehicle as a guest or passenger, or while using it with the express or implied permission of the named insured (except as provided in § 240C-1 of this article), and pedestrians injured in an accident in which the insured motor vehicle is involved or individuals injured in, on, or alighting from any other vehicle operated by animal or muscular power in an accident in which an insured vehicle is involved."

Section 545 allows the following possible exclusion from the above coverage:

"The coverages prescribed under § 539 of this article may exclude from benefits thereunder any person otherwise insured under the policy who:

. . . .

(d) With respect to motorcycles, economic loss benefits required under § 539 may be excluded, or may be offered with deductibles, options or with specific exclusions."

The appellant concedes that his motorcycle insurance policy legitimately excluded PIP coverage, but he argues that under the above provisions of the Maryland Insurance Code an automobile insurance policy may not exclude PIP coverage for an accident involving a motorcycle ridden by the insured party and another automobile.

In addressing the appellant's arguments, the lower court said:

"As in most statutory construction cases in Maryland, there is no legislative history to indicate the intention of the Legislature. All that can be determined from a study of the statute as passed in 1972 (Chapter 73, 1972 Statutes) is that the provision regarding exclusion of motorcycle coverage was inserted as an amendment, possibly at the last moment, but the Court has not been referred to any committee report or published statement as to why

the amendment was being offered or why the Legislature accepted it.

The effect of a statute is to be determined by an application of the plain meaning of the words in the statute where no extrinsic guides are available. Following such a rule, it seems obvious that the exclusion of motorcycle coverage refers to economic loss benefits required under 539 and does not limit the exclusion simply to motorcycle policies. The reason for this conclusion is that the benefits of Section 539 are required to be in policies of motor vehicle liability insurance, and a motor vehicle is defined in the definition section of the Act as an automobile and/or any other vehicle operated or designed for operation upon a public road by any power other than animal or muscular power. See Art. 48A, Section 538(a). Obviously a motorcycle is included within such a definition. Therefore, when the Legislature indicated a desire to afford carriers the option of excluding with respect to motorcycles, the economic loss benefits otherwise required under Section 539, there is no logical basis to limit this exclusion to policies covering motorcycles only. The Legislature certainly did not say so, but could have if it had so intended. Therefore, the defendant in this case had the statutory authority to exclude motorcycle coverage in the 20 policy and in fact did so, and consequently the plaintiff is not entitled to personal injury benefits which would have been available to him had he been driving his Cadillac or any other type of motor vehicle other than a motorcycle, motor bike or minibike."

We agree, and we hold that the Maryland Insurance Code, as now written, permits the exclusion by insurance companies in automobile insurance policies of PIP benefits to persons injured on a motorcycle in an accident with another motor vehicle.

The appellant argues that such construction of §§ 539 and 545 would lead to the undesirable result that there would be

no PIP coverage for a pedestrian injured in an accident with a motorcycle. That issue, however, is not now before this Court, and we have carefully refrained from extending our holding to such a situation. We note, that PIP coverage would not necessarily be denied in such a situation by the terms of the insurance policy in the present case.

The appellant also argues that we should adopt the reasoning of *Hoglin v. Nationwide Mutual Insurance Company,* 144 N.J. Super., 474, 366 A. 2d 345 (App. Div. 1976), in which the Court allowed recovery of PIP benefits to a motorcyclist involved in a collision with an automobile under his automobile insurance policy. We have reviewed the case and we find that the New Jersey insurance provisions differ materially from those in Maryland. The New Jersey statute does *not* list possible exclusions from coverage. In addition, the wording of the main section is different. The *Hoglin* Court said:

> "This section of the statute when originally enacted and approved on June 20, 1972, limited the payment of the PIP benefits to the named insured and members of his household 'who sustained bodily injury as a result of an automobile accident.' ... It was amended shortly after enactment to include broader coverage for 'injury as a result of an accident involving an automobile.' " 366 A. 2d at 349.

Therefore, the reasoning of the New Jersey case is not *apropos.*

> *Judgment affirmed.*
> *Costs to be paid by appellant.*