144 N.J. Super. 475 (1976)
366 A.2d 345
WAYNE HOGLIN, PLAINTIFF-APPELLANT,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1976.
Decided November 9, 1976.
*477 Before Judges LORA, CRANE and MICHELS.
Mr. Edward K. Zuckerman argued the cause for appellant (Messrs. Rosenhouse, Cutler & Zuckerman, attorneys).
Mr. Laurence M. McHeffey argued the cause for respondent (Messrs. Hanlon & McHeffey, attorneys).
The opinion of the court was delivered by MICHELS, J.A.D.
Plaintiff Wayne Hoglin appeals from a judgment of the Law Division in favor of defendant Nationwide Mutual Insurance Company. Plaintiff sought reimbursement under the Basic Personal Injury Protection Endorsement (PIP) provisions of the comprehensive automobile insurance policy issued to him by defendant for medical expenses incurred as the result of bodily injury sustained in an automobile accident.
The facts essential to the resolution of the coverage question involved are not in dispute. Plaintiff was injured when the motorcycle he was operating struck an automobile owned and operated by another. At the time of the accident plaintiff was the named insured in an automobile policy covering his 1970 Ford van. His claim for medical expense benefits was made under the PIP endorsement of that policy. It provides, in pertinent part, basic personal injury protection coverage to "each eligible injured person" consisting of:
(a) medical expense benefits,
(b) income continuation benefits,
(c) essential services benefits,
(d) survivor benefits, and
(e) funeral expense benefits

*478 with respect to bodily injury, caused by accident and arising out of the ownership, maintenance or use, including loading or unloading, of a private passenger automobile as an automobile.
Under that policy, an eligible injured person is defined as:
(a) the Named Insured or any relative of the Named Insured, if the Named Insured or relative sustains bodily injury
(1) while occupying, using, entering into or alighting from a private passenger automobile, or
(2) while a pedestrian, as a result of physical contact with a private automobile or an object propelled by or from such an automobile; or
(b) any other person who sustains bodily injury
(1) while, with the permission of the Named Insured, occupying, using, entering into or alighting from the insured automobile, or
(2) while a pedestrian, as a result of physical contact with the insured automobile or an object propelled by or from the insured automobile;
A private passenger automobile is defined as:
* * * a self-propelled vehicle designed for use principally on public roads and which is one of the following types:
(1) a private passenger or station wagon type automobile,
(2) a pick-up or panel truck or delivery sedan, or
(3) a utility automobile designed for personal use as a camper or motor home or for family recreational purposes; but
a private passenger automobile does not include a motorcycle, an automobile used as a public or livery conveyance for passengers, a pick-up or panel truck, delivery sedan or utility automobile customarily used for business, occupational or professional purposes other than farming or ranching or a utility automobile customarily used for the transportation of passengers other than members of the user's family or their guests;
Defendant denied coverage, contending that plaintiff was not an "eligible injured person" under the PIP endorsement because he sustained bodily injury while operating a motorcycle and not while "occupying, using, entering into or alighting from a private passenger automobile." The trial court, on cross-motions for summary judgment, agreed. It held that the New Jersey Automobile Reparation Reform *479 Act, commonly referred to as the "No Fault Law" (N.J.S.A. 39:6A-1 et seq.) required the payment of benefits to persons sustaining bodily injury as a result of an accident involving the operation of an automobile not a motorcycle, and that the PIP endorsement of plaintiff's policy expressly excluded the operation of a motorcycle from the coverage provided thereunder. Plaintiff appeals.
N.J.S.A. 39:6-46 mandates that a motor vehicle liability policy issued with respect to an automobile registered or primarily garaged in New Jersey shall ensure "personal injury protection coverage as provided in the `New Jersey Automobile Reparation Reform Act.' * * *" N.J.S.A. 39:6A-4 of the No Fault Law provides in pertinent part,
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage, as defined herein below, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, to other persons sustaining bodily injury while occupying the automobile of the named insured or while using such automobile with the permission of the named insured and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile. * * *
The purpose of our No Fault Law, as of most no fault legislation, is to afford reparation or at least partial reparation for the objectively provable economic losses resulting from automobile accidents. See Am. Jur.2d, No Fault Insurance, § 1 at 3 (New Topic Service, 1973). Our law requires prompt payment of medical expenses, lost wages, essential services, survivor benefits and funeral expenses to certain classes of persons injured in an automobile accident without regard to negligence, liability or fault and without having to await the outcome of protracted litigation. N.J. *480 S.A. 39:6A-4 and 39:6A-5. See Ortiz v. Safeco, 136 N.J. Super. 532, 535 (Law Div. 1975), mod. on other grounds 144 N.J. Super. 506 (App. Div. 1976); Harris v. Osorio, 125 N.J. Super. 468, 469 (Law Div. 1973).
The classification of injured persons covered by the law is limited to (1) the named insured and members of his family residing in his household, (2) passengers occupying the automobile of the named insured, (3) persons using the automobile of the named insured with his permission, and (4) pedestrians injured by the insured's automobile or by being struck by objects propelled by or from that automobile. N.J.S.A. 39:6A-4; Pa. Mfrs. Ass'n Ins. Co. v. Gov't Emp. Ins. Co., 136 N.J. Super. 491, 497 (App. Div. 1975), certif. granted 69 N.J. 392 (1976).
The named insured and members of his family residing in his household are afforded broader coverage under the No Fault Law than are other classes of injured persons. The statute requires the payment of PIP benefits to the named insured and members of his family "who sustained bodily injury as a result of an accident involving an automobile." (Emphasis supplied). A literal reading of N.J.S.A. 39:6A-4 evidences a clear legislative intent to provide coverage to such class of persons when they sustain injury as a result of any accident involving an automobile. There is no reasonable basis to read or construe the statute as limiting coverage to accidents involving automobiles solely. Any doubt in this regard is resolved by a review of the legislative history of N.J.S.A. 39:6A-4. This section of the statute, when originally enacted and approved on June 20, 1972, limited the payment of the PIP benefits to the named insured and members of his household "who sustained bodily injury as a result of an automobile accident." (L. 1972, c. 70, § 4 at 219). It was amended shortly after enactment to include broader coverage for "injury as a result of an accident involving an automobile." See L. 1972, c. 203, § 3, at 782 (approved December 26, 1972).
*481 Our construction of the scope of PIP coverage provided to the named insured and members of his household accords with the views expressed by Mario A. Iavicola, formerly counsel to the New Jersey Automobile Insurance Study Commission, in his treatise No Fault & Comparative Negligence in New Jersey (1973). There he commented:
The Act provides that the named insured and members of his family residing within his household enjoy personal injury protection coverage whenever any of such individuals sustain bodily injuries as a result of an automobile accident. A quick reading may result in one understating the extent of the above coverage. It is important to note that the injuries need not have been sustained by or in the named insured's automobile; coverage is extended to the named insured and relatives within the household if the bodily injuries are received as a result of any automobile accident. Therefore, if the named insured or a relative residing within his household as an occupant or operator of another person's automobile, or as a pedestrian or as an operator of a bicycle, sustains bodily injuries in an automobile accident, such injured person enjoys personal injury protection coverage under the named insured's policy. * * * [at 25; footnote omitted]
Moreover, in Harlan v. Fidelity & Cas. Co., 139 N.J. Super. 226 (Law Div. 1976), the court construed N.J.S.A. 39:6A-4 to require PIP coverage for the named insured when injured in any automobile accident, and held that personal injury protection benefits were available to a named insured who sustained personal injuries while operating a motorcycle which collided with an automobile.
We are convinced that N.J.S.A. 39:6A-4 requires that all PIP endorsements provide personal injury protection coverage to the named insured and members of his family residing in his household who sustain bodily injury as the result of any accident involving an automobile. The attempt by defendant to limit coverage with respect to the named insured and members of his family residing in his household to injury incurred while occupying, using, entering into or alighting from a private passenger automobile, and to specifically exclude personal injury sustained by them while using a motorcycle, conflicts with the clear *482 statutory mandate and is contrary to public policy. The endorsement's definitional terms, "eligible injured person" and "private passenger automobile," to the extent that they conflict with the coverage required by the statute, are inapplicable and the PIP endorsement is amended to conform to the statutory standards. Cf. Selected Risks Ins. Co. v. Zullo, 48 N.J. 362, 373 (1966); Motor Club Fire & Cas. Co. v. N.J. Mfrs. Ins. Co., 135 N.J. Super. 362, 369 (App. Div.), certif. granted 69 N.J. 75 (1965); Selected Risks Ins. Co. v. Nationwide Mut. Ins. Co., 133 N.J. Super. 205, 211 (App. Div. 1975); Kish v. Motor Club of America Ins. Co., 108 N.J. Super. 405, 409 (App. Div.), certif. den. 55 N.J. 595 (1970).
Finally, we note that although the Commissioner of Insurance apparently approved the New Jersey Basic Personal Injury Protection Endorsement in a form identical to that here under review, he obviously had no power to approve the provision since it is violative of statutory intent. See Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 286 (1974).
Accordingly, the judgment of the Law Division is reversed. Judgment is entered in favor of plaintiff against defendant, and plaintiff is declared to be an "eligible injured person" within the coverage of his policy's Basic Personal Injury Protection Endorsement (PIP). The matter is remanded to the trial court for a plenary trial with respect to damages. We do not retain jurisdiction.