STATE OF NEW JERSEY, PLAINTIFF, v. NAPPI TRUCKING CORP., DEPENDABLE TRUCKING CO., REISCH TRUCK & TRANS., CO., INC., TRANSPORT MOTOR SYSTEMS INC., SMITH & SOLOMON TRK., LOUIS J. KENNEDY TRUCK, BELL EQUIPMENT CORP., COLONIAL TANK TRANSPORT, BURCHO LEASING INC., & DAVIDSON TRANS. & STORAGE CO., DEFENDANTS.

Mercer County Court

Decided April 7, 1977.

*Mr. Hal Haveson,* Assistant Prosecutor, for the State (*Ms. Anne E. Thompson,* Prosecutor of Mercer County, attorney).

*Mr. Thaddeus C. Raczkowski,* for the defendants.

IMBRIANI, J. C. C. This is an appeal from a number of convictions for operating certain vehicles on a public highway without mud flaps, in violation of *N. J. S. A.* 39:3–79.1, which provides in relevant part as follows:

No person shall operate or cause to be operated any bus, truck, full trailer or semitrailer of registered gross weight exceeding three tons on any public highway unless the same is equipped with suitable metal protectors or substantial flexible flaps on the rearmost wheels * * * *provided however*, this act shall not apply to pole trailers, dump trucks, tanks, or other vehicles where the construction thereof is such that complete freedom around the wheel area is necessary to secure the designated use of the vehicle.

A stenographic record having been made in the municipal court, the matter was heard *de novo* on the record. *R.* 3:23–8(a).

The essential facts were stipulated. In all instances the vehicles involved were "truck-tractors." This term is defined in *N. J. S. A.* 39:1–1 as

* * * every motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn.

In common parlance, the "tractor" is the cab portion of a tractor-trailer. It is undisputed that none of the involved vehicles were equipped with mudflaps.

The only testimony offered in the municipal court was the opinion of an expert who testified that

A bobtailing tractor, not only in hazardous weather, but in good weather, constitutes a hazard * * * [if] the rear wheels are unprotected * * *.

Defendants assert that "bobtailing tractors" (as they are often called when not pulling a trailer) are not included among the vehicles expressly enumerated in *N. J. S. A.* 39:3–79.1, whether as a vehicle subject to or excepted therefrom. The statute is silent as to "tractors," "truck-tractors" and "bobtailing tractors."

The State's argument is two-fold: First, as a matter of statutory construction, the term "truck" includes those vehicles which are the subject of this appeal, and second, the legislative intent is clearly expressed in the statute, and a fair application of the facts to the purpose of the statute in question must result in a conviction.

■ With respect to the State's first contention, this court finds that the term "truck," as set forth in *N. J. S. A.* 39:3–79.1, does not include the vehicles involved herein. The terms "truck" and "truck-tractor" are defined in *N. J. S. A.* 39:1–1 and have separate and distinct meanings. A truck is a vehicle used primarily for the transportation of property; a "truck-tractor" is designed and used primarily for drawing other vehicles. Therefore, con-

sidering the act as a whole and giving the statute in question its plain and ordinary meaning, it would appear that "trucks," but not "truck-tractors," are the subject of *N. J. S. A.* 39:3–79.1.

In interpreting the statute this court must give effect to the legislative design. *Sabato v. Sabato,* 135 *N. J. Super.* 158 (App. Div. 1975). The words of a statute are to be given their ordinary and well understood meaning in the absence of an explicit indication to the contrary, and only if an ambiguity exists is it necessary to go beyond the words of the statute itself. *Albert F. Fuehl Co. v. Bd. of Trustees of Schools for Industrial Ed.,* 85 *N. J. Super.* 4 (App. Div. 1964).

The State's second argument would, in effect, attempt to suggest that such an ambiguity exists in this case because of the statute's clearly expressed purpose, viz., "to prevent, as far as practical, such wheels from throwing dirt, water or other materials on the windshields of the following vehicles * * *." *N. J. S. A.* 39:3–79.1. While the intent of the Legislature is clear, it is equally clear that for reasons best known to it, "truck-tractors" were not included within the prohibitory parameters of this statute. This court cannot include in a statute something which those charged with the legislative responsibilities might have inserted, but did not. *Sabato v. Sabato, supra.*

In light of the representation by counsel for defendants that this precise issue has been the subject of more than 300 appeals from conviction in the municipal courts, the overwhelming majority of which resulted in findings of not guilty, patently this is a matter that should be called to the attention of the Legislature, if it has not already promoted such scrutiny. As anyone who has had the misfortune of following a "bob-tailing tractor" without mud flaps on a rainy day can well appreciate, this is a problem which pleads for legislative recognition. However, regardless of sympathies, this court must interpret and enforce the legis-

lative will as written and may not, under the guise of statutory interpretation, substitute a different meaning, even though it might honestly regard such an alternative as more desirable. *State Bd. of Medical Exam'rs v. Warren Hospital,* 102 *N. J. Super.* 407 (Cty. D. Ct. 1968), aff'd 104 *N. J. Super.* 409 (App. Div. 1969). While there has not been an appellate review of this statute, at least two other counties (Middlesex and Warren) have previously held that the statute does not apply to truck-tractors.

Accordingly, until such time as our Legislature rewrites this statute, this court has no alternative but to find these defendants not guilty.