174 N.J. Super. 292 (1980)
416 A.2d 426
AETNA INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
ALVIN WEISS, ADMINISTRATOR OF THE ESTATE OF DONNA WEISS, ALVIN WEISS, INDIVIDUALLY AND ST. PAUL INSURANCE COMPANY AND BARRY GOTTLIEB, AS GUARDIAN AD LITEM OF JAMIE GOTTLIEB, AN INFANT, BARRY GOTTLIEB, INDIVIDUALLY, CAROL RUTH GOTTLIEB, STEVEN CRINCOLI, AN INFANT, ANTHONY J. CRINCOLI, ANN CRINCOLI, ALLSTATE INSURANCE COMPANY, EMPLOYERS INSURANCE OF WAUSAU, ARROWHEAD ROOFING AND SIDING, CARMEN LONGO, THEOMAN KOC AND MOTOBECANE AMERICA, LIMITED, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 1980.
Decided May 20, 1980.
*293 Before Judges LORA, ANTELL and PRESSLER.
Philip F. Mattia argued the cause for appellant (DeYoe and Guiney, attorneys).
Thomas R. Chesson argued the cause for respondent Alvin Weiss, administrator of the estate of Donna Weiss and Alvin Weiss, Individually (Porzio & Bromberg, attorneys; Thomas H.E. Hallett on the brief).
*294 Leonard Rosenstein argued the cause for respondent St. Paul Insurance Co. (Feuerstein, Sachs & Maitlin, attorneys).
Lawrence D. Smith argued the cause for respondent Employers Insurance of Wausau (Hein, Smith & Berezin, attorneys).
The opinion of the court was delivered by ANTELL, J.A.D.
Plaintiff Aetna Insurance Co. (Aetna) appeals from the trial court's decision in this declaratory judgment action that Aetna must afford defendant Alvin Weiss a defense and coverage under a homeowner's insurance policy issued by Aetna to defendant against liability on the part of defendant's deceased daughter (also an insured) for personal injury to a passenger caused by deceased's operation of a moped which was involved in an accident with a truck. Aetna here argues, as it did in the trial court, that it is free of obligation to defendant by reason of the exclusion from coverage expressed in the policy for bodily injury arising out of the operation or use of "any motor vehicle owned or operated by or rented or loaned to any insured." The trial judge concluded that the moped is not a motor vehicle within the meaning of the policy and ordered Aetna to defend the personal injury action and to provide coverage against liability. Defendant-cross-appellant St. Paul Insurance Company which issued its excess coverage policy to Weiss agrees that its obligations are governed by the construction to be accorded the Aetna policy.
"Motor vehicle" is defined by the policy only as "a land motor vehicle." Excluded from this definition is a "recreational motor vehicle." The term "recreational motor vehicle" is defined as
(1) A golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational off-road use.
It is apparent that the policy definition of "motor vehicle" is unserviceable since it fails to specify the meaning of "motor vehicle."
The moped operated by defendant's decedent is essentially a bicycle in form, which can be operated either by muscular force exerted on its pedals, or by a small motor, or both in combination. *295 Its wheels are 17 inches in diameter and its 49.9 cubic centimeter motor, rated at 1.5 horsepower, delivers less power than a lawnmower engine. It can be operated at a maximum speed of 25 miles an hour. These specifications conform to those of a "motorized bicycle" which was defined at the time of the accident, and still is, under N.J.S.A. 39:1-1 as
A pedal bicycle having a helper motor characterized in that either the maximum piston displacement is less than 50 c.c. or said motor is rated at no more than 1.5 brake or horsepower and said bicycle is capable of a maximum of speed of no more than 25 miles per hour on a flat surface.
A motorized bicycle is expressly excluded from the definition of "motorcycle" and also from the definition of "motor vehicle," which includes
All vehicles propelled otherwise than by muscular power excepting such vehicles as run only upon rails or tracks and motorized bicycles. [Emphasis supplied].
In concluding, as we do, that the moped operated by defendant's decedent on the day of the accident was not a motor vehicle within the meaning of the policy exclusion, we do not overlook Laino v. Nationwide Mut. Fire Ins. Co., 169 N.J. Super. 65 (App.Div. 1979). There, in a similar case and under materially comparable policy language, the court concluded that a "minibike" was a motor vehicle for purposes of the policy exclusion. Although no physical description of the vehicle is furnished in that opinion, the language thereof leaves no doubt that the court distinguished it from a "motorized bicycle," and the holding could only have rested upon a finding that it answered the description of a motorcycle, as defined in the statute, and was thus a motor vehicle.
Nor have we disregarded State v. Lyons, 152 N.J. Super. 533 (Cty.Ct. 1977), aff'd 159 N.J. Super. 100 (App.Div. 1978). That decision is carefully limited to the proposition that the policy of the drunken driving statute, N.J.S.A. 39:4-50, is as applicable to the operators of motorized bicycles as to operators of motor vehicles. It held only that the "operation of a moped upon a public road is subject to the same standards of conduct and care as is the operation of a motor vehicle," 152 N.J. Super. at 537, and that this policy should "prevail over a narrowly definitional analysis of the phrase `motor vehicle' which appears in N.J.S.A. *296 39:4-50." 152 N.J. Super. at 539. It refrained from holding that a moped is a motor vehicle.
It is a basic rule in the interpretation of insurance policies that if the controlling language of a policy will support two meanings, one favorable to the insured and the other favorable to the insurer, a court will apply the interpretation favoring coverage. Butler v. Bonner & Barnewell, Inc., 56 N.J. 567 (1970); Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 513-514 (1965); Mazzilli v. Accident & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 7 (1961); American Legion Hosp. v. St. Paul Fire Ins. Co., 106 N.J. Super. 393, 397 (App.Div. 1969). If there is any doubt, uncertainty or ambiguity in the phraseology of a policy, or if the phraseology is susceptible to two meanings, the construction favoring coverage must be adopted. Kook v. American Sur. Co. of N.Y., 88 N.J. Super. 43, 52 (App.Div. 1965). Further, strict interpretation is applied to clauses of exclusion in insurance policies which are designed to limit the protection afforded. Mazzilli, supra, 35 N.J. at 8; Butler, supra, 56 N.J. at 576. Exclusionary language in a policy must be plain and clear. Gerhardt v. Continental Ins. Cos., 48 N.J. 291, 296 (1966). One of the factors which courts must consider in construing language of a policy is whether the use by the insurer of alternative or more precise language would have "put the matter beyond reasonable question." Mazzilli, supra, 35 N.J. at 7; American Legion Hosp., supra, 106 N.J. Super. at 397. As stated in Mazzilli:
Insurance contracts are unipartite in character. They are prepared by the company's experts, men learned in the law of insurance who serve its interest in exercising their draftsmanship art. The result of their effort is given to the insured in the printed form upon the payment of his premium. [35 N.J. at 7-8.]
Furthermore, it is the burden of the insurer to demonstrate that coverage does not exist because of the exclusions within the policy. Burd v. Sussex Mut. Ins. Co., 56 N.J. 383, 399 (1970). Plaintiff must show that the insured's interpretation of the exclusionary clause is entirely unreasonable. Hanover Ins. Group v. Cameron, 122 N.J. Super. 51, 59 (Ch.Div. 1973). It has not done so.
Affirmed.