THOMAS TOMEI, PLAINTIFF, v. INSURANCE COMPANY OF NORTH AMERICA; PRUDENTIAL INSURANCE COMPANY; AND THE UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANTS.

Superior Court of New Jersey
Law Division Hudson County

Decided April 27, 1984.

*Alexander Kushner,* for plaintiff (*Tulipan and Kushner,* attorneys).

*Ellen T. Lyons,* for Insurance Company of North America (*Lamb, Chappell, Hartung, Gallipoli & Coughlin,* attorneys).

COBURN, J.S.C.

Plaintiff sued defendant Insurance Company of North America (INA) for personal injury protection benefits (PIP) under the New Jersey Automobile Reparation Reform Act, *N.J.S.A.* 39:6A–1 *et seq.*, commonly referred to as the "No-Fault Law." Both parties demand summary judgment regarding liability. For the following reasons, I will grant plaintiff's motion.

The facts are not in dispute. On February 28, 1982, plaintiff was injured when the motorcycle on which he was a passenger collided on a public road with an automobile insured by INA. Plaintiff did not own an automobile and was not a family member of a household that owned one.[1] The motorcycle was a 1979 Yamaha MX–175 "dirt-bike", with six forward gears, capable of speeds in excess of 25 miles per hour. It was made and distributed without a lighting system, turn signals, mirrors, or mountings for license plates. According to plaintiff's expert, conversion for legal use on public roads would be impossible by "even the most qualified dealers in dirt-bikes." When sold, like all "dirt-bikes", it displayed a manufacturer's sticker which read: "WARNING—THIS VEHICLE WAS NOT MANUFACTURED FOR USE ON PUBLIC STREETS, ROADS, OR HIGHWAYS. SUCH USE IS PROHIBITED BY LAW."

Plaintiff contends that he is entitled to PIP benefits from INA because he fits within the No-Fault Law's definition of a pedestrian. That Act defines a "pedestrian" as "any person who is not occupying a vehicle propelled by other than muscular power and designed primarily for use on highways, rails and tracks and includes any person who is entering or alighting from such vehicle." *N.J.S.A.* 39:6A–2(h). Defendant argues that since the vehicle fits within the Motor Vehicle Act's definition of a motorcycle, *N.J.S.A.* 39:1–1, and since motorcycles are

---

[1]Had plaintiff or a family member in the household owned an insured automobile, PIP coverage would have been available from that insurance company since the motorcycle was struck by an automobile. *Hoglin v. Nationwide Ins. Co.,* 144 *N.J.Super.* 475 (App.Div.1976).

subject to licensing and registration it follows that all motorcycles are designed primarily for use on highways and, therefore, plaintiff was not a pedestrian. In the context of this case, the question is whether the MX–175 was designed primarily for use on highways as that phrase is used in *N.J.S.A.* 39:6A–2(h).

The Motor Vehicle Act defines a pedestrian literally as "a person afoot." *N.J.S.A.* 39:1–1. As originally enacted, the No-Fault Law used a broader definition to include "any person who is not an occupant of a motor vehicle as the term is defined in *R.S.* 39:1–1." This greatly expanded the types of occasional highway users who would be assured PIP benefits if struck by an automobile even if they were not protected by their own automobile insurance policy. However, almost immediately, the Legislature substituted the present even broader definition which only excludes protection if the motorized vehicle is "designed primarily for use on the highways." *L.*1972 c. 203. The extent of the protection intended by this phrase must be gauged in relation to the Act's liberal policies, keeping in mind the Supreme Court's observation that, "mandated as a social necessity, PIP coverage shall be given the broadest application consistent with the statutory language." *Amiano v. Ohio Cas. Ins. Co.,* 85 *N.J.* 85, 90 (1981).

The Legislature has plainly evidenced its awareness of the existence of motorcycles which are not to be operated on the public roads. For example, *N.J.S.A.* 39:3–76.3 provides: "No person shall operate on a public highway a motorcycle on which the handle bar grips are higher than the shoulder height of the operator when seated." And *N.J.S.A.* 39:3–67 provides, in part: "Every motorcycle when operated upon a highway shall be equipped with at least one brake adequate to control the movement of and to stop such vehicle." Furthermore, the December 1977 report of the New Jersey Legislative Study Commission on No-Fault Automobile Insurance Reform, when recommending against providing primary PIP coverage for motorcycles, observed, that "most motorcyclists use their motorcycles for pleasure or sporting purposes, off the public ways

...." (at 43). In drafting the pertinent section of the No-Fault Law the Legislature could have expressly excluded all motorcyclists from PIP benefits in these circumstances. Instead, the law recognized the existence of a general category, motorized vehicles not designed primarily for use on the highways, and determined that their operators would be considered pedestrians for PIP purposes. That judgment could well have been based on the reasonable assumption that, unlike licensed vehicles, such vehicles would rarely be driven on the public roads, thus limiting the financial impact of extending coverage to their operators.

In *McKenna v. Wiskowski*, 181 *N.J.Super.* 482 (Ch.Div.1981), the court was confronted with a PIP claim indistinguishable from the subject case except that the vehicle on which plaintiff was a passenger was a "motorized bicycle" commonly referred to as a moped. The Motor Vehicle Act's definition is:

A pedal bicycle having a helper motor characterized in that either the maximum piston displacement is less than 50 cc. or said motor is rated at no more than 1.5 brake horsepower and said bicycle is capable of a maximum speed of no more than 25 miles per hour on a flat surface. *N.J.S.A.* 39:1–1.

The court noted that *N.J.S.A.* 39:4–14.3 contemplates and authorizes operation of mopeds on public highways and concluded: "Because of the licensing provisions and the permission to operate a moped on public highways, it is obvious that mopeds are designed primarily for use on highways." *Id.* at 489.

■■ Defendant contends that McKenna was decided correctly and that its reasoning should govern the result in this case. I do not find the *McKenna* analysis persuasive as to mopeds or "dirt-bike" motorcycles. Although *McKenna* implied otherwise, mopeds are not licensed for use on all public highways. *N.J.S.A.* 39:14.3 provides:

a. Motorized bicycles shall not be ~~used~~ operated upon interstate ~~and primary~~ highways or upon public highways divided by a grass or concrete median or highways with posted speed limits in excess of 50 miles per hour or upon the railroad or right-of-way of an operating railroad within the State of New Jersey or upon any public land where expressly prohibited by the governing body, department or agency having jurisdiction thereof.

The Director of Motor Vehicles is authorized to adopt regulations either prohibiting the operation of motorized bicycles on any public road or highway with a speed limit in excess of 40 miles per hour which in his discretion are hazardous for the operation of motorized bicycles or permitting the operation of motorized bicycles on any public road or highway, upon which the operation of motorized bicycles is otherwise prohibited by the provisions of this section, which in his discretion are safe for the operation of motorized bicycles. In no case, however, shall the director adopt a regulation permitting motorized bicycles to be operated on any highway with a posted speed in excess of 50 miles per hour.

b. No municipality shall limit or otherwise restrict the operation of motorized bicycles on any public roads or highways under its jurisdiction in contravention of the provisions of this act or any regulations adopted by the director pursuant thereto.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

e. Regulations f. Unless otherwise determined by the director, statutes, rules and regulations applicable to bicycles shall apply whenever a motorized bicycle is operated upon any public road or upon any path set aside for the exclusive use of motorized bicycles highway or upon any public land.

Every person operating a motorized bicycle upon a public road or highway shall be subject to all of the duties applicable to the driver of a vehicle by chapter 4 of Title 39 [1] and N.J.S. 2A:113-9 and all amendments and supplements thereto.

L.1975, c. 250, § 2. Amended by L.1977, c. 267, § 2.

It is not obvious to me from that statute or any other part of the Motor Vehicle Act that mopeds are primarily designed for use on highways. Indeed, based on the limitations regarding their operation on highways, and their treatment, at least in part, as bicycles, I would be inclined to the opposite conclusion. However, in my view, the proper focus under the No-Fault Law is not on whether a particular vehicle is of a type generally licensable but rather on its design and purpose. In any case, unlike the moped in *McKenna*, the vehicle in question here has been described without contradiction as a "dirt-bike" manufactured or designed solely for off-road use and not readily capable of modification which would legalize its use on any highway. The Legislature contemplated the existence of such motorized vehicles and determined that operators of them would be included within the No-Fault Law's definition of a "pedestrian."

Defendant argues that if *McKenna* is correct a different result for the MX–175, a larger and more powerful machine, would create an anomaly. I disagree, since the issue is design and purpose, not size and power. Furthermore, acceptance of an anomaly under the No-Fault Law would not by itself require a result in this case different from that which I have expressed. *Amiano v. Ohio Cas. Ins. Co.*, 85 *N.J.* 85, 90 (1981).