NICOLE NUNAG, AN INFANT BY HER GUARDIAN AD LITEM, NEMESIO NUNAG, AND NEMESIO NUNAG, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 26, 1988—Decided May 17, 1988.

754

Before Judges SHEBELL, GAYNOR and ARNOLD M. STEIN.

*Gurry, McHugh and Mead,* attorneys for the appellant (*Thomas P. McHugh,* on the brief).

*Hoffman, Wertalik & Sprague,* attorneys for the respondents (*Michael J. Sprague,* on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

Defendant Pennsylvania National Mutual Casualty Insurance Company (Company) appeals from an order of the Law Division requiring it to pay personal injury protection (PIP) benefits related to injuries sustained by plaintiff Nicole Nunag while she

was on a moped which was involved in a collision with an automobile.

Plaintiff, a member of her mother's household, sought PIP benefits on the premise that she was a pedestrian, under a standard automobile policy issued to her mother which covered her mother's car. Defendant denied that plaintiff was a pedestrian and asserted that she therefore was not entitled to PIP benefits.

During the non-jury trial, the parties stipulated certain facts. Plaintiff testified that on the day of the accident she used her moped to visit a friend who lived about two miles away, requiring her to travel about two miles on Route 202, Ramapo Valley Road, in Oakland. On the trip home, plaintiff testified that she drove on the shoulder of Route 202 until she reached the point when she had to make a left turn. She then moved into the left lane and waited for cars to pass so that she could turn. While waiting the moped stalled. Plaintiff proceeded to make her left turn by pedalling the moped so it would start up again. Plaintiff was then hit by an automobile, which she did not see approaching. Plaintiff described the only procedure for starting the moped as requiring that the operator pedal until the motor engages. It was plaintiff's intention to continue the rest of her trip home under power of the motor. Defendant offered into evidence the deposition testimony of the automobile operator which asserted that plaintiff was operating under power and traveling about 25 to 30 mph when the moped suddenly came into the automobile's path of travel. The judge determined plaintiff's testimony to be credible and found that she was pedalling the moped at the time of impact with the automobile.

The issue is whether plaintiff was properly classified as a "pedestrian" within the meaning of the New Jersey Automobile Reparation Reform Act [No Fault Act], *N.J.S.A.* 39:6A–1 *et seq.*, and specifically in the context of *N.J.S.A.* 39:6A–4, which states in pertinent part:

> Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide personal injury protection coverage, as defined hereinbelow, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, *to the named insured and members of his family residing in his household who sustained bodily injury* as a result of an accident while occupying, entering into, alighting from or using an automobile, or *as a pedestrian, being struck by an automobile* or by an object propelled by or from an automobile, to other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with the permission of the named insured, and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile. [Emphasis supplied].

It is conceded that plaintiff, in these circumstances, is entitled to PIP benefits under her mother's policy only if she was occupying the status of a pedestrian when struck by the automobile. The trial judge concluded that plaintiff was a pedestrian and therefore entitled to PIP benefits.

"Pedestrian" is defined generally in *N.J.S.A.* 39:1–1 as "a person afoot." The Act further defines pedestrian as

> any person who is not occupying, entering into, or alighting from a vehicle propelled by other than muscular power and designed primarily for use on highways, rails and tracks. [*N.J.S.A.* 39:6A–2h].

Under this definition, in order for a person to be declared a pedestrian, either the person must not be utilizing a vehicle which is propelled by other than muscular power or, if the vehicle is propelled by other than muscular power, it must not be designed primarily for highway, rail or track use.

A simple example satisfying this definition would be a person on roller skates. *See Pekter v. Price,* 206 *N.J.Super.* 355, 358–59 (App.Div.1985). With means of conveyance propelled by other than muscle power, categorization becomes more difficult. The Chancery Division has found that a plaintiff injured while riding as a passenger on a moped being operated by motor power was not a pedestrian within the meaning of the Act, and was therefore not entitled to PIP benefits when the moped collided with an automobile. *McKenna v. Wiskowski,*

181 *N.J.Super.* 482 (Ch.Div.1981). The Law Division in *Tomei v. Ins. Co. of No. America,* 194 *N.J.Super.* 400 (Law Div.1984), however, found a passenger on a "dirt-bike" to be entitled to PIP benefits as a pedestrian because the vehicle was designed for off-road use. *Cf. Lane, by Lane v. Prudential Property & Cas. Ins.,* 196 *N.J.Super.* 504 (App.Div.1984), wherein we refused to extend PIP benefits to a minibike operator, finding he did not qualify as a pedestrian under the Act because the vehicle was designed primarily for use on highways, and the cases distinguished therein.

Plaintiff points to the trial court's finding that she was not operating under motor power, as she was propelling the moped by pedalling when struck by the automobile. She asserts that this satisfies the definition of a pedestrian. The trial judge's finding that plaintiff was only pedalling will not be disturbed as it is based on plaintiff's testimony which the court found to be credible. *Rova Farms Resort v. Investors Ins. Co.,* 65 *N.J.* 474, 484 (1974).

However, notwithstanding this factual determination, we are convinced that plaintiff was occupying and operating a vehicle propelled by other than muscular power within the intendment of the statute. It was plaintiff's clear intention to continue under motor power, rather than to utilize the machine as a bicycle and to travel under muscular power. Plaintiff's sole purpose for pedalling was to engage the motor, as pedalling is the only way to accomplish this purpose. Propelling of the vehicle as a result of the pedalling was only incidental to the plaintiff's pedalling for the purpose of starting the motor.

We do not believe that the Legislature intended that coverage be extended to include situations such as this. The purpose and character of the vehicle are determinative of whether one is to be covered for PIP benefits as a pedestrian. Whether the vehicle at the instant of collision was being operated by pedalling or motor power is not a factor which is determinative of the purpose and character of the vehicle under consideration. We

do not hold that all mopeds are always to be considered as being vehicles "propelled by other than muscular power." We take judicial notice that certain mopeds have dual capability and can be propelled in a completely muscular power mode by disengaging the engine. However, such alternate mode operation was not the case here. The vehicle was clearly being used as one propelled by other than muscular power when upon the highway at or about the time of plaintiff's injury.

As to the second aspect of the definition, we are satisfied that mopeds are designed primarily for highway use and are generally so recognized by our motor vehicle laws. To the extent that the dicta in *Tomei*, 194 *N.J.Super.* at 404–05 indicates to the contrary, we disavow its teaching. Title 39 is replete with regulations to which moped owners and operators must adhere. Operators of motorized bicycles must possess a valid driver's license, or a special license for persons 15 and older (*N.J.S.A.* 39:4–14.3(d)); owners of motorized bicycles must maintain liability insurance coverage (*N.J.S.A.* 39:4–14.3e) and as of early 1986 (subsequent to the instant action), the liability insurance policy must also provide PIP coverage in accordance with *N.J.S.A.* 39:6A–4. (*N.J.S.A.* 17:28–1.3) No motorized bicycle shall be operated in the State unless it displays a license plate (*N.J.S.A.* 39:4–14.3m); no person shall operate a motorized bicycle without wearing a proper helmet (*N.J.S.A.* 39:4–14.3q), and every person operating a motorized bicycle upon a public road or highway shall be subject to all of the duties applicable to the driver of a vehicle imposed by relevant statute, including Chapter 4 of Title 39 (*N.J.S.A.* 39:4–14.3). In addition, it is unlawful to operate a motorized bicycle while under the influence of liquor or drugs and any person who does so "shall be subject to the same penalties as provided in *R.S.* 39:4–50 for conviction of operating a motor vehicle while under the influence of such substance." (*N.J.S.A.* 39:4–14.3g).

Plaintiffs' argument that Nicole's status should not be measured by *N.J.S.A.* 39:6A-4 because a moped is not a "vehicle" within the definition of Title 39, is without merit. Our reading of the statute satisfies us that the Legislature did not intend the descriptive word "vehicle" to be the determinative factor in the definition.

We hold that on the facts presented, plaintiff was not a pedestrian at the time of the accident. Plaintiff was occupying a vehicle propelled by other than muscular power which vehicle was designed primarily for use on highways.

Reversed.