169 N.J. Super. 65 (1979)
404 A.2d 314
KENNETH F. LAINO AND BETTY ANN LAINO, PLAINTIFFS-APPELLANTS,
v.
NATIONWIDE MUTUAL FIRE INSURANCE CO., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1979.
Decided June 5, 1979.
*66 Before Judges MATTHEWS, KOLE and MILMED.
Mr. Stuart B. Finifter argued the cause for appellants (Messrs. Land & Finifter, attorneys; Mr. Finifter on the brief).
Mr. Robert A. Fall argued the cause for respondent (Messrs. Lomell, Muccifori, Adler, Ravaschiere & Amabile, attorneys; Mr. Fall on the brief).
PER CURIAM.
Plaintiffs Kenneth F. and Betty Ann Laino, appeal from a grant of summary judgment in favor of defendant Nationwide Mutual Fire Insurance Company, *67 (Nationwide) "dismissing that portion of the plaintiffs' complaint demanding coverage [under a Nationwide Homeowners insurance policy issued to plaintiffs] be afforded by defendant for the defense of Douglas Braun, minor son and stepson of plaintiffs" in a negligence suit pending in the Law Division, bearing Docket No. L-8744-76, arising from an accident involving a mini-bike[1] operated by Douglas. By an earlier order Nationwide was required "to defend and indemnify" Mr. and Mrs. Laino "from and against any and all claims" (of plaintiffs in the negligence suit) that they (Mr. and Mrs. Laino) "failed to supervise Douglas Braun, as a result of which" the accident occurred. It is undisputed that the accident occurred about one-quarter of a mile away from the Laino property.
The issue here is whether a mini-bike was a "motor vehicle" within the meaning of an exclusion clause contained in the homeowners policy. The trial judge found that Nationwide was not obligated to defend Douglas on the count of the complaint which alleged his own negligence because of a provision in the policy excluding coverage for bodily injury or property damage arising out of the use of a "recreational motor vehicle."
The exclusion clause with which we are here concerned reads in pertinent part as follows:
This policy does not apply:
1. Under Coverage E  Personal Liability and Coverage F  Medical Payments to Others:
a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
(1) any aircraft; or
(2) any motor vehicle owned or operated by, or rented or loaned to any Insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor *68 vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or
(3) any recreational motor vehicle owned by any Insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes.
"Motor Vehicle" is defined in the policy as
* * * a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include, except while being towed by or carried on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehicle, crawler or farm type tractor, farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads.
The trial judge determined that the mini-bike was not a "motor vehicle" because (1) it was not subject to motor vehicle registration, and (2) it was designed for use primarily off public roads. He concluded, therefore, that the mini-bike was a "recreational motor vehicle," which is defined in the policy as: "(1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads." Having decided that the mini-bike was a "recreational motor vehicle" rather than a "motor vehicle," the trial judge held that Exclusion 1.a.(3) applied to bar coverage, since the accident occurred away from the residence premises.
In our view the trial judge applied the wrong policy exclusion. We are satisfied that the mini-bike was a "motor vehicle" under Exclusion 1.a.(2), and not a "recreational motor vehicle" under Exclusion 1.a.(3). Accordingly, although we affirm the order for summary judgment under review, we do so for reasons other than those given by the trial judge.
*69 N.J.S.A. 39:3-4 requires, in pertinent part, that:
* * * every resident of this State and every nonresident whose automobile or motorcycle shall be driven in this State shall before using such vehicles on the public highways, register the same, and no automobile or motorcycle shall be driven unless so registered.
The term "Motorcycle" as defined in N.J.S.A. 39:1-1 includes "motorcycles, motor bikes, bicycles with motor attached and all motor operated vehicles of the bicycle or tricycle type, except motorized bicycles as defined in this section * * *."
It is, accordingly, clear to us that the mini-bike in question was a "motorcycle" within the above-quoted definition of the term, and as such was a motor vehicle "designed for travel on public roads" and "subject to motor vehicle registration." The fact that it was not registered or that at the time of the accident was not on a public road or highway, would not result in policy coverage where none was intended.
Affirmed.
NOTES
[1] Referred to by the trial judge as "a 1972 Honda Mini-trail Motorcycle."