Avi Nelson *vs.* Cambridge Mutual Fire Insurance Company.

No. 90-P-370.

Suffolk. April 10, 1991. - June 13, 1991.

Present: Brown, Smith, & Laurence, JJ.

*Insurance*, Construction of policy, Coverage, Homeowners' insurance. *Contract*, Insurance. *Words*, "Insured location."

The term "residence premises" appearing in a policy of homeowner's insurance was not ambiguous in the context of the policy, with the result that coverage for a certain loss of personal property was limited by the exclusionary clause. [673-675]

Civil action commenced in the Superior Court Department on May 21, 1987.

The case was heard by *John C. Cratsley*, J., on motions for summary judgment.

*Anna K. C. Bennett* for the defendant.

*Thomas C. Cameron* for the plaintiff.

Smith, J. Cambridge Mutual Fire Insurance Company (Cambridge Mutual) appeals from a grant of summary judgment entered in the Superior Court in favor of Avi Nelson. The facts are not in dispute. On May 13, 1986, Nelson purchased a house in North Reading. Prior to that purchase, Nelson lived in a house he rented in Burlington. On June 25, 1986, Nelson packed his belongings in his rented premises in anticipation of moving the next day to his new home in North Reading. That night, a fire broke out in his rented premises in Burlington and destroyed most of his personal property.

At the time he bought the North Reading property, Nelson purchased a homeowner's insurance policy from Cambridge Mutual. The policy covered the new house up to a

limit of $148,000, and also covered Nelson's personal property up to a limit of $74,000. There was, however, an exclusionary clause that limited the liability of Cambridge Mutual in regard to damage to certain personal property. That language reads as follows:

> "COVERAGE C — PERSONAL PROPERTY
>
> We cover personal property owned or used by an insured while it is anywhere in the world . . . .
>
> "Our limit of liability for personal property usually located at an insured's residence, *other than the residence premises*, is 10% of the limit of liability for Coverage C or $1,000.00, whichever is greater. Personal property in a newly acquired principal residence is not subject to this limitation for the 30 days from the time you begin to move the property there" (emphasis added).

After the fire, Nelson calculated the damage to his personal property to be $45,000 and made a claim in that amount to Cambridge Mutual. The company admitted that the loss was covered but informed Nelson that the amount it would pay was limited by the language in the exclusionary clause to ten percent of the total amount of "liability for Coverage C." The exclusionary clause applied, according to Cambridge Mutual, because Nelson's personal property, damaged by the fire, was at his rented premises in Burlington and not at his new house in North Reading. It paid Nelson $7,400 (ten percent of $74,000).

Nelson brought this action seeking a declaration that the relevant language in the policy was ambiguous, that the ambiguity must be resolved in his favor, and that Nelson was entitled to the full amount of his loss.

After Cambridge Mutual filed an answer, it brought a motion for summary judgment, claiming that the language in the policy was unambiguous and that it had paid Nelson all he was entitled to under the policy. Nelson cross filed for summary judgment. After a hearing, the judge allowed Nel-

son's motion for summary judgment, but as to liability only, and denied Cambridge Mutual's motion. The judge subsequently awarded Nelson $43,492 after a hearing on assessment of damages.

On appeal, Cambridge Mutual contends that the judge erred in allowing Nelson's motion for summary judgment and denying its motion. It also claims that even if the judge were correct in granting summary judgment in favor of Nelson, he erred in his assessment of damages. Finally, Cambridge Mutual argues that the judge committed error when he denied its motion to strike certain portions of Nelson's affidavit which supported his motion for summary judgment.

The interpretation of an insurance policy is a "question of law for the trial judge, and then for the reviewing court." *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982). "The first approach to the question of interpretation must be to read this insurance policy as one would read any ordinary contract — to inquire what the simplified, conversational language of the policy would mean to a reader applying normal reasoning or analysis." *Commerce Ins. Co.* v. *Koch*, 25 Mass. App. Ct. 383, 384 (1988). A policy whose language is unambiguous and "whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms." *Cody* v. *Connecticut Gen. Life Ins. Co.*, *supra*, quoting from *Hyfer* v. *Metropolitan Life Ins. Co.*, 318 Mass. 175, 179 (1945). However, where language in an insurance policy is found to be ambiguous, "doubts as to the intended meaning of the words must be resolved against the insurance company that employed them and in favor of the insured." *August A. Busch & Co.* v. *Liberty Mut. Ins. Co.*, 339 Mass. 239, 243 (1959). In addition, exclusions from coverage are to be strictly construed. *Vappi & Co.* v. *Aetna Cas. & Sur. Co.*, 348 Mass. 427, 431 (1965).

An insurance contract is ambiguous when its language is reasonably susceptible of more than one meaning. *Jefferson Ins. Co.* v. *Holyoke*, 23 Mass. App. Ct. 472, 474-475 (1987). "Words that are clear and unambiguous, by themselves, may

be ambiguous when read in the context of the entire insurance contract, or as applied to the subject matter." *Id.* at 475.

In his memorandum of decision, the motion judge ruled that the language in the exclusionary clause was clear and unambiguous, but that it was made ambiguous by the language surrounding it. The judge noted that the words "residence premises" in the exclusionary clause, although defined in the policy as "the one family dwelling . . . where you reside and which is shown as the 'residence premises' in the Declarations," was not so identified in the "declaration" section of the policy. The judge concluded that the lack of a defined "residence premises" rendered the exclusionary clause ambiguous. We disagree.

The "declarations" page of the policy provided that the policy was issued to "Avi Nelson, 478 Park Street West, North Reading, Massachusetts." Directly below Nelson's name and address, the policy stated that "[t]he premises covered by this policy is located at the above address." The North Reading premises was the only property described in the policy. We think it clear that the words, "residence premises" found in the exclusionary clause refer only to the North Reading property and do not include Nelson's rented' premises in Burlington, the scene of the fire.

The motion judge also ruled that other parts of the policy rendered ambiguous the relevant language in the exclusionary clause. The judge observed that in the "Definitions" section of the policy, the term, "insured location" was defined as follows:

"a. the residence premises; [and] . . .

d. any part of a premises
   (1) not owned by an insured; and
   (2) where an insured is
        temporarily residing . . . ."

The judge then observed that "[a] reasonable person interpreting the above policy language could conclude, as Nelson

did, that his personal property in the Burlington house was covered under the broad language of the policy, which purports to cover personal property located 'anywhere in the world.' "[1]

The judge thus concluded that the definition of "insured location," because it led Nelson to believe that his personal property at his Burlington premises was covered, made the language in the exclusionary clause ambiguous.

We disagree with that ruling for two reasons. First, Cambridge Mutual has always agreed that Nelson's personal property while at the rented premises in Burlington was covered by the policy. The issue is whether that coverage was limited to a certain dollar value by the exclusionary clause. Second, the "Definitions" section of the policy defines those words and phrases as they may appear in the policy. Here, the policy, itself, is divided into six categories relating to coverage. The categories include: Coverage A — Dwelling; B — Other Structures; C — Personal Property; D — Loss of Use; E —Personal Liability; and F — Medical Payments to Others. The words "insured location" appear only in Coverage F — Medical Payments to Others — and do not appear at all in Coverage C — Personal Property — the coverage at issue here. We hold that the definition of "insured location" does not render ambiguous the exclusionary clause found in Coverage C.

We conclude that there was no ambiguity in the policy and that the exclusionary clause controls the situation presented in the instant case. The other issues raised by Cambridge Mutual need not be considered.

The judgment is reversed, and a new judgment is to be entered declaring that the exclusionary clause applies to Nel-

---

[1]Nelson did not invoke the "doctrine of reasonable expectations" (see *Bond Bros.* v. *Robinson*, 393 Mass. 546, 551 (1984); *Home Indem. Ins. Co.* v. *Merchants Distribs. Inc.*, 396 Mass. 103, 107 [1985]) and does not rely on it.

son's loss and that Cambridge Mutual has no obligation beyond the $7,400 already paid.

*So ordered.*