Stearns, J.
INTRODUCTION
Plaintiff Commerce Insurance Company (“Commerce”) brought this action for declaratory judgment against John C. Bairos and his parents, Joao and Mary Lou Bairos, seeking a declaration of Commerce’s obligations under homeowners insurance policy #H372274 issued to Joao Bairos. Commerce also asks that the court enter summary judgment on its behalf consistent with a favorable determination of its obligations under the policy.
BACKGROUND
On January 15, 1990, defendant John Bairos, a minor, and his friend, Donald Semenec, Jr., also a minor, were riding in tandem on a 1985 Yamaha dirt bike owned and operated by John Bairos. The boys allegedly were using the bike with the permission of Mary Lou Bairos, John’s mother, against the express instructions of John’s father, Joao Bairos. On Range Avenue in Taunton, a short distance from the Bairos home, the two boys collided with a motor vehicle operated by James M. Reed. Semenec sustained injuries to the pelvis, left femur, and bowel as well as lacerations to the face and mesentery. Subsequently, Semenec’s mother, acting on his behalf, filed suit against John C. Bairos and his father, Joao Bairos, to recover damages (Bristol County Superior Court Civil Action No. 92-90063).
On March 13, 1992, Commerce filed the present complaint, requesting a declaration that Semenec’s injuries are not covered by the homeowners policy Commerce issued to Joao Bairos. The defendants and Semenec (as an intervenor) oppose Commerce’s request for declaratory relief and summary judgment.
DISCUSSION
I. Coverage for Injuries Proximately Caused by the Use of the Dirt Bike
The homeowners policy issued by Commerce provides liability coverage for certain personal injuries for which an insured is legally liable. The policy states in relevant part:
COVERAGE E — Personal Liability
If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will;
1. pay up to our limit of liability for the damages for which the insured is legally liable; . . .
Specifically excluded from coverage are injuries arising out of the use of motor vehicles.
SECTION II — EXCLUSIONS
1. Coverage E — Personal Liability and Coverage F — Medical Payment to Others do not apply to bodily injury or property damage: . . .
e. arising out of:
(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers owned or operated by or rented or loaned to an insured; . . .
Excepted, however, from the motor vehicle exclusion, are certain vehicles designed for recreational use that are not covered by motor vehicle liability insurance policies:

This exclusion does not apply to:

(2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
(a) not owned by an insured; or
(b) owned by an insured and on an insured location. (Emphasis added).
The parties agree that Bairos’s 1985 dirt bike is a recreational vehicle owned by an insured for use off public roads. The parties, however, disagree as to whether coverage for Semenec’s injuries is excluded by the language of clause 2(b).
*8 Commerce contends that the words “and on an insured location” appearing in clause 2(b) limit coverage to injuries that occur while a dirt bike is being used on an “insured location.” Defendants argue that these words simply require that a dirt bike owned by an insured be garaged on the insured’s property. Defendants contend that Commerce is attempting to change the meaning of the exclusion by amending in the word “use” to qualify the phrase “and on an insured location.” I find that the wording of clause 2(b) is patently ambiguous. Its meaning consequently must be determined by resort to the general rules of construction that apply to ambiguities in insurance contracts. See Hazen Paper Co. v. United States Fidelity & Guaranty Co., 407 Mass. 685, 700 (1990) (an ambiguity is created when two rational interpretations of contract language collide).
The preferred approach is “to inquire what the simplified , conversational language of the policy would mean to a reader applying normal reasoning or analysis.” Nelson v. Cambridge Mutual Fire Ins. Co., 30 Mass.App.Ct. 671, 673 (1988). A court cannot distort policy language by giving it a construction that an insurer could itself have accomplished by using unambiguous terms. See Continental Casualty Co. v. Canadian Universal Insurance, 924 F.2d 370, 374 (1st Cir.1991). Courts will “consider that an objectively reasonable insured, reading the policy language, would expect to be covered,” Hazen Paper Co., supra, 407 Mass. at 700, and will not adopt a construction of an ambiguous term that would diminish the protection purchased by the insured. Camp Dresser & McKee, Inc. v. Home Ins. Co., 30 Mass.App.Ct. 318, 324 (1991).
I agree with defendants that a reasonable interpretation of the words “on an insured location,” taking the policy as a whole, is that a recreational vehicle garaged on an insured’s location is covered when it causes injuries for which the insured is legally liable regardless of where the injury occurs.[2] See Slater v. U.S. Fidelity and Guaranty Co., 379 Mass. 801, 803 (1980) (a court’s interpretation must allow the insured to understand the scope of his coverage). This seems especially true when clause 2(b) of the exclusion is read in conjunction with clause 2(a) (exclusion does not apply to a recreational vehicle “not owned by an insured”). It would seem incongruous to a reasonable student of the policy that Commerce would offer protection for injuries caused by an insured using a dirt bike that he did not own wherever an accident occurred while restricting coverage of a bike owned by an insured to accidents occurring on the insured’s property. See Pinheiro v. Medical Malpractice Joint Underwriting Association of Massachusetts, 406 Mass. 288, 294 (1989) (where an insurer attempts to severely limit coverage, a court adheres strictly to the rule which construes unclear language against the insurer). Moreover, Commerce’s narrow construction of clause 2(b) would render the exception to the motor vehicle exclusion almost meaningless because very few people drive recreational, off road vehicles in their backyards (unless Commerce means to give special consideration to ranchers and other large landowners).[3]
When an insurer chooses to use policy language which allows two rational interpretations, a court must choose the interpretation which favors the insured. Hazen Paper Co., supra, 407 Mass, at 700; see also Vickodil v. Lexington Ins. Co., 412 Mass. 132, 135 (1992).[4] Accordingly, Commerce’s motion for summary judgment will be denied.
II. Coverage for Injuries Proximatefy Caused by Negligent Supervision Claim
Commerce makes a two-fold argument to support its contention that the homeowners policy does not cover a negligent supervision claim under the facts at issue.
First, Commerce contends that its policy covers only negligent supervision claims for activities related directly to the home, and not to the failure to supervise use of the bike away from the home. Second, Commerce contends that where use of the bike triggers the policy, and that use is excluded, no claim for negligent supervision lies. Commerce’s arguments are not persuasive.
Initially, the policyholder bears the burden of proving that the coverage sought falls within the policy’s description of covered risks. Markline Co. v. Travelers Ins. Co., 384 Mass. 139, 140 (1981); Camp Dresser & McKee, Inc., supra, 30 Mass.App.Ct. at 321. In Massachusetts, negligent supervision claims are covered by homeowners policies. Worcester Mutual Ins. Co. v. Marnell 398 Mass. 240, 245 (1986). In the present case, the language used in paragraph 11 of the underlying complaint can reasonably be read as a claim for negligent supervision.[5]
Once the policyholder sustains his burden of showing coverage, the insurer must prove the applicability of an exclusion. Murray v. Continental Ins. Co., 313 Mass 557, 563 (1943); Camp Dresser & McKee, Inc., supra, 30 Mass.App.Ct. at 321. Commerce’s homeowners policy contains no exclusion for negligent supervision. Even assuming that the court is in error, and that Commerce is correct in its contention that the policy excludes use of a dirt bike away from the insured location, the argument is without merit. Coverage exists when an insured risk (negligent supervision) sets in motion a chain of events that causes injury in the form of an excluded risk. See Jussim v. Massachusetts Bay Ins. Co., 415 Mass. 24, 27 (1993) (well established principle that recovery is allowed when an insured risk causes a chain of events which causes injury in the form of an excepted risk); Bettigole v. American Employers Ins. Co., 30 Mass.App.Ct. 272, 276 (1991) (courts distinguish “between an excluded event which causes a loss . . . and a covered event which causes a loss in the form of an excluded event”). Accordingly, Commerce’s motion for summary judgment on the issue of negligent supervision is denied.
ORDER
For the foregoing reasons, it is ADJUDGED and DECLARED that homeowners insurance policy *9 #H372274 issued by the plaintiff, Commerce Insurance Company, to the defendant, Joao Bairos, provides coverage for the claims in the underlying action filed by Donald Semenec, Jr. (Bristol County Superior Court Civil Action No. 92-00063).
It is further ORDERED that Commerce Insurance Company’s motion for summary judgment be denied.

 Commerce’s policy is not written to cover only events occurring on insured property. For example, clause (e)(3) of the Section II Exclusions provides coverage for injuries arising out of the use of a motorized golf cart on a golf course. A reading of the exclusions in their entirety shows that the intent of the homeowners policy is to exclude coverage for injuries caused by vehicles that are covered by motor vehicle policies.

 Commerce’s reliance on Motorists Mut. Ins. Co. v. Kulp, 688 F.Supp. 1033, aff'd, 866 F.2d 1411 (E.D. Pa. 1988), to support its construction of the ambiguous language is misplaced. The specific policy language in the Motorists Mutual case clearly excluded the use of recreational vehicles while off an insured location. Id. at 1035. The policy language in Laino v. Nationwide Mutual Fire Ins. Co., 169 N.J. Super. 65 (N.J.1979), and Barnstable County Mutual Fire Ins. Co. v. Lally, 374 Mass. 602 (1978), is to the same effect.

 In addition, this is not a case where Commerce can argue that the ambiguity cannot be construed against it because the policy language is prescribed by statute. See Pinheiro v. Medical Malpractice Joint Underwriting Association of Massachusetts, 406 Mass. 288, 294 n.8 (1989) (if regulation does not prescribe the language in question, an insurer has choices available and is held accountable for ambiguous policy terms).

 Paragraph 11 states in relevant part:
11. The defendant Joao Bairos [and/or Mary Lou Bairos] permitted the defendant John C. Bairos to operate said mini-bike on Range Avenue, a public way, in the City of Taunton, County of Bristol, Commonwealth of Massachusetts. [Emphasis added]