Fecteau, J.
The plaintiffs, Douglas and Suzanne Stone (“Stones”), brought this action against the defendant First American Title Insurance Company (“First American") seeking monetary damages for an alleged breach of a title insurance policy issued by First American to the Stones.[1] The title insurance policy insured, in part, against encumbrances on and marketability of the title to the Stones’ property at 89 Rumonoski Drive in Northbridge, Massachusetts. The Stones allege that an easement granted to Massachusetts Electric Company is an encumbrance on the title, and renders that title unmarketable, for which First American has insured.
In June of 1996, First American filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. On September 23, 1996, this court heard argument on the motion to dismiss and, concluding that matters outside of the four comers of the complaint must be referred to, treated the motion to dismiss as a motion for summary judgment under Mass.R.Civ.P. 56. The Stones were given 60 days to respond appropriate to Rule 56 and First American was given 30 days thereafter to reply. No additional materials were submitted by either party. The motion was heard again on January 31, 1997. Based upon the complaint and other materials originally submitted by First American, as well as the opposition initially submitted by the Stones, defendant First American’s motion to dismiss will be treated as a motion for summary judgment under Mass.R.Civ.P. 56, and, for the following reasons, such motion for summary judgment is hereby ALLOWED.
BACKGROUND
In July of 1993, the plaintiffs purchased a single-family home located at 89 Rumonoski Drive in Northbridge, Massachusetts. The defendant Francis Tavares was the builder and developer of the Stones’ *154 home as well as other homes In a subdivision known as Highland Hills in Northbridge.
A number of utility easements were granted, including an easement to Massachusetts Electric Company. The easement in question, recorded in January of 1952, is described as eighty feet (80’) wide in the Worcester District Registry of Deeds at Book 3412, Page 246 and shown in Plan Book 190, Plan 112. The same easement, however, was depicted in plans drawn by defendants Norman Hill and QDC, Inc. (d/b/a Land Planning, Engineering & Survey) as sixty feet (60’) wide as opposed to eighty feet (80’). It is this misdescription of the width of the easement which is the subject of the litigation between the parties.[2]
The Stones purchased a homeowner’s title insurance policy from First American, effective July 22, 1993. At some point thereafter, the plaintiffs became aware of the misdescription of the easement, thereby potentially affecting their title to the property. Upon learning of the problem, attempts were made to resolve it with Massachusetts Electric Company to no avail.
The Stones initiated the instant action against First American claiming breach of contract for First American’s refusal to pay according to the terms of the title insurance policy. First American asserts that no coverage exists for the Stones’ claims because of the clear language contained in Schedule B of their policy.[3] As a result, First American moved to dismiss the complaint against them. As indicated, this court previously determined that such motion would be treated as a motion for . summary judgment under Mass.R.Civ.P. 56, as materials beyond the four corners of the complaint must be considered.
DISCUSSION
Mass.R.Civ.P. 12(b) provides, in part, that a motion to dismiss a complaint under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted shall be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court. See Watros v. Greater Lynch Mental Health & Retardation Ass’n, 421 Mass. 106, 109 (1995). No other Rule 12 motion besides Rule 12(b)(6) may be converted into a motion for summary judgment. Id. If the court decides to convert a motion to dismiss into a motion for summary judgment, the court should advise the parties of its intention to do so and afford the parties a reasonable opportunity to present material pertinent to a summary judgment motion. Id.; see also Stop & Shop Cos, Inc. v. Fisher, 387 Mass. 889, 892 (1983).
This court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law based upon review of the summary judgment record. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and “that the summary judgment record entitles the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts ...” LaLonde v. Eisnner, 405 Mass. 207, 209 (1989).
As a general rule, disputes concerning the proper interpretation of an insurance policy raise not questions of fact, but only questions of law. Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 427 (1995); Massachusetts Bay Transp. Auth. v. Allianz Ins. Co., 413 Mass. 473, 476 (1992), citing Nelson v. Cambridge Mut. Fire Ins. Co., 30 Mass.App.Ct. 671, 673 (1991). In interpreting the policy provisions, unambiguous terms are construed and enforced according to their plain meaning. Somerset Sav. Bank, 420 Mass. at 427 (citations omitted). Thus, the policy will be enforced in accordance with its terms where there is a plain and definitive expression of the policy provisions. Id. (citations omitted).
In the present case, the language of First American’s title insurance policy is clear and unambiguous: it specifically excepts from coverage any provision contained in Schedule B. Likewise, the language of provision 8 in Schedule B is equally clear and unambiguous: the easement described in the instrument recorded at the Worcester Registry of Deeds in Book 3412, Page 246 and shown in Plan Book 190, Plan 112 is excepted from coverage. Finding no ambiguity, the language of the title policy will be construed and enforced according to its ordinary meaning, and the policy enforced according to its terms. Id.
Despite this court’s suggestion that the parties submit a copy of the recorded easement for review, neither the Stones nor First American chose to do so. Therefore, in accepting as true the non-moving party’s allegations in the complaint, see Smith v. Commissioner of Mental Retardation, 409 Mass. 545, 547-48 (1991), I accept as true that the easement granted to Worcester City Electric Company, referenced at number 8 of Schedule B, is eighty feet (80') wide. Further, finding no evidence to suggest that said easement has been reduced, altered, or otherwise changed from its intended eighty foot width, I find that the entire eighty foot width is excepted and excluded from coverage under the terms of the title insurance policy issued to the Stones by First American.
*155 The Stones argue that First American either knew or should have known about the discrepancy in the easement descriptions, and should not have issued a title policy and collected a premium for insuring a title which was unmarketable ab initio. Thus, the plaintiffs argue, First American should not be entitled to disclaim coverage under the policy. The plaintiffs, however, have not asserted a negligence claim but rather a breach of contract claim against First American, a claim which undoubtedly rests on the underlying contract or policy. As no basis exists for the alleged breach of contract claim, I find that First American is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons it is ORDERED that defendant First American Title Insurance Company’s motion to dismiss, treated by this court as a motion for summary judgment, be ALLOWED.

 The Stones sued a number of defendants with respect to the defects in the property in question. The instant motion to dismiss, however, concerns only the breach of contract allegation against First American.

 The plaintiffs allege that defendant Tavares built their home within the area of the eighty foot (80 j easement granted to Massachusetts Electric Company. It is clear that the proper description of the easement to Massachusetts Electric Company is in fact eighty feet (80j wide. At no time was the easement reduced to sixty feet (60’) wide.

 The title insurance policy issued to the Stones, policy number 20198495, states
SUB JECTTO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, FIRST AMERICAN TITLE INSURANCE COMPANY . . . insures, as of Date of Policy shown in Schedule A, against loss or damage . . . sustained or incurred by the insured by reason of:
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title; . . .
Schedule B, number 8, duly referenced and attached to the title policy, specifically excludes from coverage “Easement granted to Worcester City Electric Company, more particularly described in an instrument recorded with said Deeds in Book 3412, Page 246 and as shown on a plan in Plan Book 190, Plan 112.”