McCann, J.
INTRODUCTION
The plaintiff, Commerce Insurance Co., Inc. (Commerce), is represented by Kenneth F. Rosenberg, Esq. and Shannon O’Leary, Esq., Fuller, Rosenberg, Palmer & Beliveau, 340 Main Street, Suite 817, Worcester, Massachusetts 01608. The defendant, Joseph Finnegan (Finnegan), is represented by Jennifer Midura D’Amour, Esq., Cooley and Shrair, P.C., 1380 Main Street, 5th Floor, Springfield, Massachusetts 01103. Massachusetts Insurers Insolvency Fund (Fund) is represented by Joseph C. Tanski, Esq. and Michael J. Markett, Esq., Hutchins, Wheeler & Dittmar, 101 Federal Street, Boston, Massachusetts 02110.
There are Cross Motions for Summary Judgment before the Court.
FACTS
The facts of the case are not in dispute. On September 18, 1994, Finnegan was operating a motor vehicle which he owned on Pleasant Street in Holyoke, Massachusetts. He was involved in a motor vehicle accident with another motor vehicle owned and operated by Joseph Pastomerlo (Pastomerlo) whose motor vehicle was insured by Trust Insurance Company (Trust). It is alleged Finnegan sustained personal injuries.
At the time of the accident, Finnegan was named an insured on a policy of insurance issued by Trust. At the time of the accident, Finnegan was a household member with his wife, Cheryl Finnegan, who had her own policy of insurance with Commerce. At the time of the accident Trust was solvent.
Trust was determined to be insolvent by the Supreme Judicial Court on July 26, 2000 and the insolvency became effective August 2, 2000, six years after the accident and while Finnegan’s claim was pending. By reason of the determination of insolvency of Trust, Fund became obligated to pay the covered claims as defined in G.L.c. 175D, §1 et seq. Fund is a nonprofit unincorporated legal entity.
Commerce asserts that its policy excludes uninsured motorists (UM) benefits to Finnegan under its policy. The contract of insurance between Cheryl Finnegan and Commerce provides in regard to uninsured benefits that: “we will not pay damages to or for any household member who has a Massachusetts auto policy of his or her own ...”
The uninsured motorist statute, G.L.c. 175, §13L(5), provides in part as follows:
A person who is a named insured and who suffers bodily injury or death: . . . (d) while occupying an owned motor vehicle registered for highway use and which had in effect the coverage required by this section shall recover uninsured motorist coverage only from the policy covering such occupied vehicle . . ., an insured who suffers bodily injury or death while occupying a motor vehicle owned by that insured which is registered for highway use and does not have in effect the coverage required by 34A of chapter 90 may not recover uninsured motorist coverage from any policy.
DISCUSSION
This Court grants Summary Judgment where there are no genuine issues of material fact and where the Summary Judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); MassR.Civ.P. 56(c). Here, there are no material facts in dispute. The only dispute is about the proper interpretation of the relevant exclusions in the insurance policy. Therefore, where “there are no material facts in dispute” and “(t]he only dispute is about the proper interpretation of the relevant. . . [policy provisions],” the dispute raises a question of law only. Massachusetts Bay Transportation Authority v. Allianz Ins. Co., 413 Mass. 473, 476 (1992) (involving insurance policies), citing Nelson v. Cambridge Mut. Fire Ins. Co., 30 Mass.App.Ct. 671, 673 (1991).
The only question is the statutory interpretation which presents a question of law for this Court to decide. Annese Elec. Services, Inc. v. City of Newton, 431 Mass. 763 (2000). Legislative intent is determined from all of a statute’s words construed by ordinary and approved usage of the language considered in connection with the cause of its enactment. A primary duty *657 of the Court is to give effect to the Legislature’s intent. Pielech v. Massassoit Greyhound, Inc., 423 Mass. 534 (1996), Acting Superintendent of Bournewood Hospital v. Baker, 431 Mass. 101 (2000). The Court should apply the plain language used in the statute when that language is unambiguous, but the Court may also look to relevant provisions in other parts of the statute. ROPT Ltd. Partnership v. Katin, 431 Mass. 601 (2000); Hartford Ins. Co. v. Hertz Corp., 410 Mass. 279 (1991).
Fund is not an insurer in the traditional sense. It is statutorily mandated consisting of an association of all insurers available to settle certain unpaid claims which arise out of and are within the coverage of an insurance policy issued by an insolvent insurer. It is a conduit to which certain non-insolvent insurers pay a pro rata amount to enable the Fund to pay covered claims to insureds whose insurance companies become insolvent. Subsequent to the issuance of their policies and claims, the nature of the transaction and the activity engaged in is the payment of “covered claims.” Transactions are motivated by Legislative mandate and not business or personal reasons. Commissioner of Ins. v. Massachusetts Insurers Insolvency Fund, 373 Mass. 978 (1977); Barrett v. Massachusetts Insurers Insolvency Fund, 412 Mass. 774 (1992).
For the reasons very clearly set forth in Massachusetts Insurers Insolvency Fund v. The Commerce Insurance Company, et al., Superior Court, Civil Action No. 00-5063-BLS [14 Mass. L. Rptr. 345], this Court ALLOWS the Motion for Summary Judgment brought by the defendant, Massachusetts Insurers Insolvency Fund; and DENIES the Cross Motion for Summary Judgment by the plaintiff, Commerce Insurance Company.
ORDER
The Motion for Summary Judgment by the defendant Massachusetts Insurers Insolvency Fund is ALLOWED. The Cross Motion for Summary Judgment by Commerce Insurance Company is DENIED.
A Final Judgment shall enter in favor of the defendant, Massachusetts Insurers Insolvency Fund, declaring that Commerce Insurance Company is obligated to pay the claims of Joseph Finnegan and the Massachusetts Insurers Insolvency Fund has no obligation to pay such claims.