MARCELLA TRUPPA, PLAINTIFF, v. PRUDENTIAL PROPERTY
AND CASUALTY COMPANY, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided September 15, 1989.

*Steven A. Tritsch* for plaintiff (*Feinberg, Feinberg &
Tritsch,* attorneys).

*William J. Fitzula* for defendant (*Robert A. Auerbach,* attorney).

MENZA, J.S.C.

Does the personal injury protection (PIP) provision of the New Jersey Automobile Reparation Reform Act permit payments to a passenger covered by a liability policy who sustains injuries while a passenger in a commercial vehicle which is involved in an accident with a private automobile? The answer is that it does not.

There are no New Jersey cases which have addressed this issue. The facts are as follows, Plaintiff suffered injuries when a taxicab in which she was a passenger was involved in an automobile accident with a private passenger automobile. She made a claim for PIP benefits under her husband's insurance policy. Defendant, Prudential Property and Casualty Insurance Company, refused to make payment, contending that the policy did not cover the injuries that plaintiff sustained as a passenger in a commercial vehicle. Defendant and plaintiff both move for summary judgment.

The statute provides:

> Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide personal injury protection coverage ... for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident while *occupying, entering into, alighting from or using an automobile* .... [*N.J.S.A.* 39:6A-4; emphasis supplied]

An automobile is defined in the statute as follows:

> "Automobile" means a private passenger automobile of a private passenger or station wagon type that is owned or hired and is neigher used as a public or livery conveyance for passengers nor rented to others with a driver.... [*N.J.S.A.* 39:6A-2a]

The PIP statute has gone through three stages. The statute, as initially adopted in 1972, provided coverage to a person "who sustained bodily injury as a result of an automobile accident."

*L.*1972, *c.* 70. It was amended the same year to provide for the payment of PIP benefits to a person "who sustained bodily injury as a result of an accident involving an automobile." *L.*1972, *c.* 203. In 1983, the statute was again amended, as set forth above, to provide for the payment of PIP benefits to a person "who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile." *L.*1983, *c.* 362.

Although there are no New Jersey cases that have interpreted the current statute, both the Appellate Division and the New Jersey Supreme Court had interpreted the statute before the 1983 amendment.

In the case of *Hoglin v. Nationwide Mut. Ins. Co.,* 144 *N.J.Super.* 475 (App.Div.1976), the Appellate Division held that a motorcyclist, who was injured when he was involved in an accident with a private automobile, was covered by the PIP provision of his insurance policy which insured his private passenger vehicle. The court said:

> The statute [referring to the 1972 revision] requires the payment of PIP benefits to the named insured and members of his family "who sustained bodily injury as a result of an accident involving an automobile." ... A literal reading of *N.J.S.A.* 39:6A–4 evidences a clear legislative intent to provide coverage to such class of persons when they sustain injury as a result of any accident involving ... automobiles solely. [at 480 ]

In *Amiano v. Ohio Cas. Ins. Co.,* 85 *N.J.* 85 (1981), the Supreme Court held that a plaintiff who was injured, while operating a commercial truck which was involved in an accident with a passenger automobile, was entitled to PIP payments from his wife's insurance liability carrier. In doing so, the Court discussed, and specifically approved, the holding in *Hoglin.* The Court said:

> The language of the amendment, "accident involving an automobile," is clear and fully supports the construction given it in *Hoglin.* In the present situation, the Court cannot speculate as to what the Legislature may have intended by the amendment while ignoring what it said in plain and unambiguous terms....
> [at 89 ]....
> Accordingly, we hold that under section 4 of the Act plaintiff, an insured under his wife's automobile liability policy, is entitled to PIP coverage because he

sustained bodily injury "as a result of an accident involving an automobile" even though he was operating a commercial truck at the time of the accident. [*Id.* at 90 ]

The current statute marks a dramatic change in language from that of the prior statute which was interpreted in the cases of *Hoglin* and *Amiano.* No longer is the phrase "an accident involving an automobile," contained in the statute. This statute affords coverage only to a person "who sustains bodily injury as a result of an automobile accident while occupying, entering into, alighting from or using an automobile."

It is clear from the plain language of the statute that in order for a person to be entitled to PIP payments, that person must have been injured while either "occupying, entering into, alighting from or using" a private passenger automobile. Recovery is not permitted if a person is occupying a commercial vehicle, even when that vehicle "is involved in an accident" with a private passenger vehicle. *Amiano* and *Hoglin* are no longer the law.

Plaintiff was a passenger in a taxicab at the time of the accident. She is, therefore, not covered by PIP.

Defendant's motion for summary judgment is granted.