634 A.2d 101

BONNIE INGERSOLL, PLAINTIFF, AND BRIAN LIHOU, PLAIN-
TIFF–APPELLANT, v. AETNA CASUALTY AND SURETY COM-
PANY A/K/A AETNA LIFE AND CASUALTY A/K/A AETNA,
DEFENDANT–RESPONDENT, AND THE NEW JERSEY AUTO-
MOBILE FULL INSURANCE UNDERWRITING ASSOCIATION,
HERBERT E. GASKILL INSURANCE AGENCY, HERBERT E.
GASKILL, JR., AND JOHN DOE(S), DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted October 19, 1993—Decided December 15, 1993.

Before Judges STERN, KEEFE and NEWMAN.

*Gary D. Ginsberg,* attorney for appellant.

*Cozen and O'Connor,* attorneys for respondent (*John J. Dwyer,* on the brief).

The opinion of the court was delivered by

KEEFE, J.A.D.

Plaintiff Brian Lihou appeals from the entry of summary judgment entered in favor of defendant Aetna Casualty & Surety Company (Aetna), denying plaintiff's claim that he was entitled to extended medical benefits under the Aetna policy. We affirm.[1]

On October 26, 1987 plaintiff was operating his brother William's motorcycle when it was struck in the rear by an automobile operated by Lisa Hamilton. As a result of the accident, plaintiff incurred medical bills in excess of $35,000.

At the time of the accident, plaintiff owned an automobile insured with the New Jersey Full Automobile Insurance Underwriting Association (JUA). That policy contained an extended medical pay benefit provision in the amount of $10,000. During the course of the litigation, JUA agreed to pay plaintiff the full coverage under that provision, and the case was settled as to JUA.[2]

Bonnie Ingersoll, plaintiff's mother, was a named insured in an automobile insurance policy issued by Aetna at the time of the accident. The Aetna policy also contained an extended medical benefit provision with a limit of $10,000. It is uncontested that

---

[1] All references to "plaintiff" herein shall be to Brian Lihou. Although Bonnie Ingersoll is a named plaintiff, her claim is irrelevant for the purpose of this appeal.

[2] Apparently plaintiffs' claims against Herbert E. Gaskill Insurance Agency and Herbert E. Gaskill, Jr. were resolved prior to the entry of summary judgment in favor of Aetna.

plaintiff, as a "relative of the named insured," was an "insured person" as defined in the extended medical benefit provision of the policy. Aetna declined coverage and suit was instituted.

During the course of the litigation, Aetna moved for summary judgment. Plaintiff unsuccessfully opposed the motion, resulting in an order granting summary judgment in favor of Aetna. Plaintiff's motion for reconsideration was also unsuccessful, and he now appeals.[3]

Plaintiff concedes that he was not entitled to collect his medical expenses under the basic medical expenses provision of the JUA policy. This is so because plaintiff was operating a motorcycle at the time of the accident, and therefore did not sustain bodily injury "as a result of an accident while occupying, entering into, alighting from or using an automobile[.] ..." *N.J.S.A.* 39:6A–4. *See, Truppa v. Prudential Property & Casualty Co.,* 237 *N.J.Super.* 269, 567 *A.2d* 296 (Law Div.1989) (Holding that *Hoglin v. Nationwide Mut. Ins. Co.,* 144 *N.J.Super.* 475, 366 *A.2d* 345 (App.Div.1976), which would have provided statutory medical coverage to plaintiff under these circumstances because plaintiff's motorcycle was involved in an accident with an automobile, had been effectively overruled by the 1983 amendment to *N.J.S.A.* 39:6A–4.)

Undoubtedly, it was because of *Truppa* that plaintiff accepted payment from JUA under the extended medical benefit provision of his policy, which had a $10,000 limit, rather than pursue a claim under the basic medical expense provision of the policy.

On appeal, plaintiff reasons that, because he is not entitled to medical benefits pursuant to the provisions of *N.J.S.A.* 39:6A–4, his claim for extended medical expense benefits under the Aetna policy is necessarily dependant upon the wording of the "Aetna policy itself."

---

[3] Because plaintiff has not filed a transcript or written opinion, we assume that the Law Division judge did not give reasons for his decision.

■ Plaintiff calls our attention to the "other insurance or benefits" provision of the Aetna policy relative to the scope of Aetna's agreement to pay extended medical expense benefits, and concedes that he would not be entitled to such benefits under the policy if he were entitled to receive basic medical benefits under Section 4 of the New Jersey Automobile Reparation Reform Act (*N.J.S.A.* 39:6A–4). Conceding that he is not entitled to benefits under Section 4 of the Act, plaintiff argues that he is necessarily entitled to extended medical expense benefits.

However, plaintiff fails to address the second condition contained in the "other insurance or benefits" provision of the policy. That condition states in pertinent part:

This insurance does not apply to loss or expense to the extent that benefits are payable ... under any other automobile medical payments insurance.

Clearly, the extended medical expense benefit provision of plaintiff's policy with JUA, pursuant to which plaintiff received a $10,000 payment, fits the definition of "any other automobile medical payments insurance" referred to in the Aetna policy. Thus, plaintiff fails to meet a specific condition for coverage required by the Aetna policy. Although this argument was not presented by Aetna either in the Law Division or on appeal, we note that appeals are from judgments, and not from the reasons that undergird those judgments. Thus, if there is an alternative basis for affirmance, we are free to adopt reasons other than those inferentially used by the Law Division judge. *See Isko v. Planning Bd. of Twp. of Livingston,* 51 *N.J.* 162, 175, 238 *A.*2d 457 (1968).

■ However, quite aside from the wording of the Aetna policy, we agree with Aetna's contention that the extended medical benefits provision contained in Section II of its policy is a form of "personal injury protection coverage" and subject to the anti-stacking provisions of *N.J.S.A.* 39:6A–4.2.

Section II of the Aetna policy providing extended medical expense benefits coverage is a part of the New Jersey Basic Personal Injury Protection endorsement of Bonnie Ingersoll's

automobile policy with Aetna. The basic personal injury protection endorsement is mandated by *N.J.S.A.* 39:6A–4. Although extended medical benefits coverage protection was not defined or specifically provided for in the statute, the Legislature did provide that personal injury protection coverage mandated by the statute was subject to regulations approved by the Commissioner of Insurance. *See N.J.S.A.* 39:6A–4. The Commissioner of Insurance promulgated *N.J.A.C.* 11:3–7.3, entitled "Personal injury protection policy forms and endorsement." Subsection (b) requires insurers to provide

> excess medical payments coverage, corresponding to Section II, Extended Medical Expense Benefits Coverage of the personal automobile policy. Insurers must include a minimum coverage of $1,000 and may offer coverage of $10,000.

The extended medical expense benefit coverage of the Aetna policy complies with the regulation. Neither plaintiff nor Aetna contends that the Commissioner was unauthorized to require such coverage as a part of the personal injury protection endorsement contemplated by the Legislature. Obviously, the Commissioner determined that extended medical benefits coverage was contemplated by the statute. Such regulations are presumptively valid. *Medical Soc. of New Jersey v. New Jersey Dept. of Law and Public Safety,* 120 *N.J.* 18, 25, 575 *A.*2d 1348 (1990). Thus, the condition of the Aetna policy affording coverage only in the event that plaintiff did not have extended medical benefits coverage under another policy is consistent with the anti-stacking provisions of *N.J.S.A.* 39:6A–4.2, which provides:

> Except as provided in subsection d. of Section 13 of P.L.1983, c. 362 (C. 39:6A–4.3), the personal injury protection coverage of the named insured shall be the primary coverage for the named insured and any resident relative in the named insured's household who is not a named insured under an automobile insurance policy of his own. No person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident.

Clearly, plaintiff was the named insured under the JUA policy, and that policy provided primary coverage for the injuries received by plaintiff in the subject accident. As such, plaintiff is not

entitled to collect additional personal injury protection benefits under any other automobile insurance policy for such injuries.

Affirmed.